[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Toledo v. State,* Slip Opinion No. 2017-Ohio-8955.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8955

THE CITY OF TOLEDO, APPELLEE, *v.* THE STATE OF OHIO ET AL, APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Toledo v. State,* Slip Opinion No. 2017-Ohio-8955.]

*Court of appeals' judgment vacated and cause remanded for application of* Dayton v. State.

(Nos. 2016-1136 and 2016-1138—Submitted November 21, 2017—Decided December 13, 2017.)

APPEAL from and CERTIFIED by the Court of Appeals for Lucas County, No. L-15-1121, 2016-Ohio-4906.

_____

{¶ 1} The judgment of the court of appeals is vacated, and the cause is remanded to the trial court for application of *Dayton v. State*, ___ Ohio St.3d ___, 2017-Ohio-6909, __ N.E.3d ___.

O'CONNOR, C.J., and KLATT, FRENCH, and FISCHER, JJ., concur.

KENNEDY, J., dissents.

DEWINE, J., dissents, with an opinion joined by O'NEILL, J.

WILLIAM A. KLATT, J., of the Tenth Appellate District, sitting for O'DONNELL, J.

_____

**DEWINE, J., dissenting.**

{¶ 2} I dissent from the majority's decision to vacate the judgment of the court of appeals and remand this case to the trial court to apply this court's holding in *Dayton v. State*, ___ Ohio St.3d ____, 2017-Ohio-6909, ___ N.E.3d _____. The only majority holding in *Dayton* is that R.C. 4511.093(B)(1), 4511.095, and 4511.0912 are unconstitutional; the majority was fractured as to the reasoning behind the holding, with no position garnering support from four justices. *Id.* at ¶ 46 (French, J., concurring).

{¶ 3} The lack of a majority view means there is no guidance to be gleaned from *Dayton*—the decision adds nothing but more confusion to our general-law jurisprudence. The trial court is in no better position now than when it first heard the case to determine the constitutionality of the provisions it previously addressed that were not addressed by this court in *Dayton*. *Dayton* addressed only three discrete provisions of 2014 Am.Sub.S.B. No. 342; numerous others were reviewed by the trial and appellate courts in this case. The provisions not addressed by this court in *Dayton*, but at issue in the courts below here, include

- R.C. 4511.093(B)(3), which allows municipalities to issue tickets based upon evidence recorded by traffic cameras, but only if they comply with state-mandated ticket-issuing requirements;

- R.C. 4511.096(A), which requires that a "law enforcement officer employed by a municipality" examine traffic-camera-photo evidence to determine whether a violation occurred;

- R.C. 4511.096(B), which makes the fact that a person is the registered owner of a vehicle prima facie evidence that the person was operating the vehicle at the time of the violation;

2

- R.C. 4511.096(C), which requires that a ticket be issued within 30 days of a violation;

- R.C. 4511.097(A), which limits the fine that may be imposed by a municipality for a violation;

- R.C. 4511.097(B), which mandates that a photo-enforcement ticket include, among other things, (1) a copy of the recorded images, (2) the badge number of the law-enforcement officer present at the camera location at the time of the violation, and (3) a statement by a law-enforcement officer that based upon an inspection of the recorded images, the motor vehicle was involved in a traffic-law violation;

- R.C. 4511.098, which provides rights for those ticketed, including procedures to protect owners who were not driving the vehicle at the time of the infraction;

- R.C. 4511.099, which grants an administrative hearing to those wishing to contest a photo-enforcement ticket; and

- R.C. 4511.0911(A) and (B), which require manufacturers to certify the accuracy of photo-enforcement devices and provide maintenance records.

{¶ 4} The trial court found all of these provisions unconstitutional, and the court of appeals affirmed that decision. 2016-Ohio-4906, 56 N.E.3d 997, ¶ 7, 38. This court has never addressed these provisions, and Ohio municipalities wait to see whether they must comply with them. Now, they will wait longer—through another review by the trial court and another review by the appellate court, before coming back here, presumably for this court to determine whether the lower courts correctly applied our nonguidance from *Dayton*.

{¶ 5} This court should lift the stay on briefing in this case, apply *Dayton* where it fits, and address the open issues. We accepted the appeal and should decide the case.

O'NEILL, J., concurs in the foregoing opinion.

3

_____

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, Hannah C. Wilson, Deputy Solicitor, and Halli Brownfield Watson, Assistant Attorney General, for appellants.

_____