[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Toledo v. State,* Slip Opinion No. 2018-Ohio-2358.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2358

THE CITY OF TOLEDO, APPELLEE, *v*. THE STATE OF OHIO ET AL., APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Toledo v. State,* Slip Opinion No. 2018-Ohio-2358.]

*Separation of powers—Trial court lacked authority to enjoin enforcement of spending provisions, because no action has been filed challenging the provisions' constitutionality—Trial court abused its discretion when it enjoined enforcement of spending provisions as punishment for contempt— Court of appeals' judgment reversed, contempt order vacated, and injunction dissolved.*

(No. 2017-0327—Submitted April 24, 2018—Decided June 20, 2018.)

APPEAL from the Court of Appeals for Lucas County,

No. L-15-1286, 2017-Ohio-215.

_____

**KENNEDY, J.**

{¶ 1} In this case, the Lucas County Court of Common Pleas found appellants, the state of Ohio and the attorney general (collectively, "the state"), to

be in contempt of a court order that permanently enjoined them from enforcing several statutes that the court had previously declared unconstitutional. The contempt finding was based on the General Assembly's enactment of new statutes that reduced funding to cities that were not acting in compliance with the statutes that had previously been declared unconstitutional. As penalty for the contempt, the court enjoined the state from enforcing the new laws. The Sixth District Court of Appeals affirmed the trial court's judgment. This discretionary appeal from the Sixth District's judgment presents the question whether the trial court had authority to enjoin the state from enforcing the new statutes as punishment for contempt of court.

**{¶ 2}** The General Assembly is vested with the legislative power of this state, and it may enact any law that is not in conflict with the Ohio and United States Constitutions. *Stetter v. R.J. Corman Derailment Servs., L.L.C.,* 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, ¶ 36. For this reason, no court may permanently enjoin the enforcement of a statute without first finding it unconstitutional. Further, a court order cannot be enforced in contempt unless the order was "clear and definite, unambiguous, and not subject to dual interpretations." *State ex rel. Cincinnati Enquirer v. Hunter*, 138 Ohio St.3d 51, 2013-Ohio-5614, 3 N.E.3d 179, ¶ 25. And if a court were to clearly, definitely, and unambiguously order the legislature not to enact specific legislation, that order could not be enforced, because the separation-of-powers doctrine precludes courts from enjoining the General Assembly from exercising its legislative power to enact laws. *See State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 633, 716 N.E.2d 704 (1999) (the legislature has exclusive control over duties that are purely legislative in character).

**{¶ 3}** Accordingly, we reverse the judgment of the court of appeals, vacate the contempt order, and dissolve the injunction against enforcing the spending provisions enacted by 2015 Am.Sub.H.B. No. 64 ("H.B. 64").

2

**Facts and Procedural History**

*S.B. 342*

{¶ 4} Since 1999, the city of Toledo has used traffic cameras to civilly enforce traffic laws, specifically speed and traffic-signal laws. *See generally* Toledo Municipal Code 313.12.

{¶ 5} In 2014, the General Assembly enacted 2014 Am.Sub.S.B. No. 342 ("S.B. 342"), effective March 23, 2015, to regulate the use of traffic cameras by local governments. The act provides, among other things, that a law-enforcement officer must be present whenever a camera is in operation, R.C. 4511.093(B)(1), that speeding tickets may be issued only if the driver exceeded the speed limit by specified amounts, R.C. 4511.0912, and that cities must conduct safety studies and give public notice before placing a new camera at a particular location, R.C. 4511.095. *See generally Dayton v. State*, 151 Ohio St.3d 168, 2017-Ohio-6909, 87 N.E.3d 176, ¶ 4-9 (lead opinion).

{¶ 6} The city sued the state and the attorney general seeking injunctive relief and a declaration that S.B. 342 violates the Home Rule Amendment, Article XVIII, Section 3, of the Ohio Constitution. On April 27, 2015, the trial court declared portions of S.B. 342 unconstitutional and permanently enjoined the state "from enforcing Ohio Revised Code Sections 4511.093(B)(1) and (3), 4511.095, 4511.096, 4511.097, 4511.098, 4511.099, 4511.0911(A) and (B), and 4511.0912."

{¶ 7} The court of appeals affirmed. *Toledo v. State*, 2016-Ohio-4906, 56 N.E.3d 997 (6th Dist.). We accepted the state's appeal and stayed the briefing schedule. *Toledo v. State*, 147 Ohio St.3d 1411, 2016-Ohio-7455, 62 N.E.3d 184. We later vacated the court of appeals' judgment and remanded the matter to the trial court for application of *Dayton v. State*, 151 Ohio St.3d 168, 2017-Ohio-6909, 87 N.E.3d 176. *Toledo v. State*, 151 Ohio St.3d 168, 2017-Ohio-8955, 87 N.E.3d 176. A majority of this court in *Dayton* held that R.C. 4511.093(B)(1) (the officer-present provision), 4511.0912 (the speeding-leeway provision), and 4511.095 (the

study and notice provisions) are unconstitutional. *Dayton* at ¶ 1 (lead opinion); *id.* at ¶ 36 (French, J., concurring in judgment only).

*H.B. 64*

{¶ 8} While the state's appeal was pending in the court of appeals, the General Assembly enacted R.C. 4511.0915 and 5747.502 and amended R.C. 5747.50(C)(5), all of which were effective September 29, 2015, as part of H.B. 64, the biennial budget bill. R.C. 4511.0915 requires each municipality operating traffic-law-enforcement cameras to provide either a statement that the municipality is in compliance with the S.B. 342 regulations or, if not in compliance, a report detailing the amount of civil fines billed as a result of the cameras. R.C. 5747.50(C)(5) and 5747.502 direct the tax commissioner (1) to cease providing for payments from the local-government fund to municipalities that fail to file the statement or report and (2) to reduce local-government-fund payments to municipalities that are not in compliance with S.B. 342 "in an amount equal to one-third of the gross amount of fines" imposed using traffic cameras.

{¶ 9} In response to this new legislation, Toledo moved the trial court for an order to enforce the April 2015 permanent injunction and to enjoin enforcement of the new spending provisions. On October 7, 2015, the trial court found that H.B. 64 had the effect of nullifying the April 2015 permanent injunction by withholding local-government funding from the city unless it complied with the statutory provisions in S.B. 342 that the court had declared unconstitutional. The court held the state in contempt for violating the permanent injunction and enjoined enforcement of the spending provisions as punishment for that contempt.

{¶ 10} The Sixth District Court of Appeals affirmed, holding that the trial court had not abused its discretion "in finding that the budget bill provisions violated its April 27, 2015 order and that action to enforce those provisions constitutes contempt of court." 2017-Ohio-215, 72 N.E.3d 692, ¶ 26. According to the court of appeals, "[t]his act of the General Assembly essentially amounts to

an end-run around the trial court's injunction in an effort to enforce S.B. 342, which, if permitted, would unconstitutionally deprive the court of its inherent power to enforce its injunction." *Id*. at ¶ 25. The appellate court concluded that the city had not needed to file a new complaint to challenge the constitutionality of the spending provisions, because the trial court had exercised its continuing jurisdiction to enforce the permanent injunction through its powers of contempt and did not need to review the statutes' constitutionality. *Id*. at ¶ 12, 14. It also decided that "a trial court does not implicate separation of powers issues by preventing the enforcement of the newly enacted provisions because the court is not acting as an arbiter of public policy, but is instead policing the parties' compliance with its prior court order." *Id*. at ¶ 17.

{¶ 11} The state appealed to this court, presenting two propositions of law:

A trial court has no jurisdiction to issue a post-judgment order finding the State in contempt and enjoining a new law, such as the Set-Off Law here, when the new law was not challenged in the complaint and not named in the trial court's original order.

The General Assembly's discretionary spending power can be limited only by an express constitutional limit on the spending itself, not by objections to goals indirectly achieved by the spending. In particular, a court cannot affirmatively order spending without a constitutional mandate for such spending, and doing otherwise violates separation-of-powers principles.

**Positions of the Parties**

{¶ 12} On appeal to this court, the state contends that the contempt order was inappropriate because the April 2015 permanent injunction does not directly prohibit new legislation and H.B. 64 was a spending provision that does not enforce

the traffic-camera regulations invalidated by the trial court but rather incentivizes compliance with them. The state maintains that the trial court did not have authority to grant the injunction, because the case had proceeded to final judgment and therefore the city had to file a new complaint in order to challenge the constitutionality of H.B. 64. It also argues that a statute cannot be enjoined unless the court first finds that it is unconstitutional, and it contends that it is a violation of the separation-of-powers doctrine for the judiciary to enjoin the legislature from passing laws. Lastly, the state maintains that H.B. 64 cannot be enjoined, because it is a constitutional exercise of the General Assembly's spending power.

{¶ 13} The city responds that the General Assembly was bound by the injunction and violated the prohibition against enforcing the traffic-camera regulations by imposing an economic penalty on the municipalities that fail to comply with them. It contends that the city was not required to file a separate action to specifically challenge the constitutionality of H.B. 64, because the trial court had continuing jurisdiction to enforce the injunction and the new enactment incorporated statutes that the court had declared unconstitutional. According to the city, it is the General Assembly that violated the separation-of-powers doctrine and encroached on the power of the judicial branch by reenacting statutes invalidated by the judiciary: "Instead of enacting new legislation to replace the unconstitutional regulation of automated-traffic cameras, it doubled down, by passing legislation that enforces the existing laws." Moreover, the city contends, the legislature's discretionary spending power does not permit the General Assembly to pass laws that interfere with a municipality's home-rule authority granted by the Ohio Constitution and the spending provisions are therefore unconstitutional because they coerce the city into complying with regulations that conflict with the Home Rule Amendment.

{¶ 14} Accordingly, we are asked to decide whether the trial court's equitable power to issue an injunction or its inherent power to hold a litigant in

contempt of court authorized it to enjoin the enforcement of the H.B. 64 provisions relating to traffic cameras.

## Law and Analysis

### *The Power to Enjoin*

{¶ 15} "An injunction is an extraordinary remedy in equity where there is no adequate remedy available at law.  It is not available as a right but may be granted by a court if it is necessary to prevent a future wrong that the law cannot." *Garono v. State*, 37 Ohio St.3d 171, 173, 524 N.E.2d 496 (1988).  "The grant or denial of an injunction is solely within the trial court's discretion and, therefore, a reviewing court should not disturb the judgment of the trial court absent a showing of a clear abuse of discretion." *Id.*

{¶ 16} Nonetheless, "[a] court should exercise great caution regarding the granting of an injunction which would interfere with another branch of government," *id.*, and we have recognized that a court "cannot employ equitable principles to circumvent valid legislative enactments," *Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn.*, 69 Ohio St.3d 521, 526, 634 N.E.2d 611 (1994), citing *Patterson v. Lamson*, 45 Ohio St. 77, 12 N.E. 531 (1887).

{¶ 17} In Ohio, a statute cannot be invalidated or enjoined unless it is unconstitutional.  This is so because Article II, Section 1 of the Ohio Constitution confers all legislative power of the state on the General Assembly.  "The General Assembly has *plenary power* to enact legislation" (emphasis added), *Tobacco Use Prevention & Control Found. Bd. of Trustees v. Boyce*, 127 Ohio St.3d 511, 2010-Ohio-6207, 941 N.E.2d 745, ¶ 10, and therefore it may "enact *any law* that does not conflict with the Ohio or United States Constitution" (emphasis added), *Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250, 2010-Ohio-1027, 927 N.E.2d 1066, ¶ 60.  For this reason, " '[b]efore any legislative power, as expressed in a statute, can be held invalid, it must appear that such power is clearly denied by

some constitutional provision.' " *Boyce* at ¶ 10, quoting *Williams v. Scudder*, 102 Ohio St. 305, 307, 131 N.E. 481 (1921).

{¶ 18} The power to invalidate and enjoin a statute is further "circumscribed by the rule[s] that laws are entitled to a strong presumption of constitutionality and that a party challenging the constitutionality of a law bears the burden of proving that the law is unconstitutional beyond a reasonable doubt." *Yajnik v. Akron Dept. of Health, Hous. Div.*, 101 Ohio St.3d 106, 2004-Ohio-357, 802 N.E.2d 632, ¶ 16. And the General Assembly has prescribed specific procedures for attacking the constitutionality of a statute. R.C. 2721.12(A) requires that a party seeking a declaration that a statute is unconstitutional assert that claim in a complaint and serve it on the attorney general. *See Cicco v. Stockmaster*, 89 Ohio St.3d 95, 728 N.E.2d 1066 (2000), syllabus. Compliance with R.C. 2721.12(A) is required to invoke the trial court's jurisdiction over a constitutional challenge. *See id.* at 97.

{¶ 19} In this case, however, the city did not file a complaint challenging the constitutionality of the new statutes. It did not prove that the spending provisions enacted by H.B. 64 are unconstitutional beyond a reasonable doubt, and it has not rebutted the presumption of constitutionality accorded to these statutes. Moreover, neither the trial court nor the court of appeals decided that these provisions are unconstitutional—in fact, the appellate court "agree[d] with the city that the trial court did not determine the constitutionality of the budget bill provisions." 2017-Ohio-215, 72 N.E.3d 692, ¶ 14.

{¶ 20} Accordingly, the H.B. 64 spending provisions are presumptively constitutional, and the trial court's equitable powers did not provide authority for it to enter the permanent injunction against enforcing those statutes.

*The Contempt Power*

{¶ 21} Whether the trial court had authority to enjoin the enforcement of these statutes as punishment for contempt presents a separate question of first impression for this court.

{¶ 22} "The power of contempt is inherent in a court, such power being necessary to the exercise of judicial functions." *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 15, 520 N.E.2d 1362 (1988). We have explained that "the primary interest involved in a contempt proceeding is the authority and proper functioning of the court," *id*. at 16, and a litigant can be held in contempt of court for conduct " 'which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions,' " *id.* at 15, quoting *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph one of the syllabus. A contempt order is reviewed for an abuse of discretion. *Cincinnati Enquirer*, 138 Ohio St.3d 51, 2013-Ohio-5614, 3 N.E.3d 179, at ¶ 29.

{¶ 23} "If a valid restrictive order has been issued, a court has the statutory and inherent power to entertain contempt proceedings and punish disobedience of that order." *Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho*, 52 Ohio St.3d 56, 61, 556 N.E.2d 157 (1990). But a court order cannot be enforced in contempt unless the order was "clear and definite, unambiguous, and not subject to dual interpretations." *Cincinnati Enquirer* at ¶ 25. A litigant cannot be punished for violating a court order that is indefinite or uncertain in its meaning*. Id.*

{¶ 24} Here, the April 2015 permanent injunction did not clearly, definitely, and unambiguously prohibit the General Assembly from passing future legislation relating to traffic cameras. It stated only, "Defendants [the state of Ohio and the attorney general] are permanently enjoined from *enforcing* Ohio Revised Code Sections 4511.093(B)(1) and (3), 4511.095, 4511.096, 4511.097, 4511.098, 4511.099, 4511.0911(A) and (B), and 4511.0912." (Emphasis added.) It is a basic precept of our tripartite form of government that the General Assembly enacts, amends, and repeals laws but does not enforce them; that power belongs to the executive branch. Article II, Section 1, and Article III, Section 5 of the Ohio Constitution.

**{¶ 25}** But more fundamentally, separation-of-powers principles prevent the judiciary from enjoining the legislative branch of government from enacting laws.

**{¶ 26}** In framing the Ohio Constitution, the people of this state conferred on the General Assembly the legislative power. This lawmaking prerogative cannot be delegated to or encroached upon by the other branches of government. *See State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 46; *Cent. Ohio Transit Auth. v. Transport Workers Union of Am., Local 208*, 37 Ohio St.3d 56, 62, 524 N.E.2d 151 (1988) (plurality opinion); *Matz v. J.L. Curtis Cartage Co.*, 132 Ohio St. 271, 279, 7 N.E.2d 220 (1937).

**{¶ 27}** The separation-of-powers doctrine therefore precludes the judiciary from asserting control over "the performance of duties that are purely legislative in character and over which such legislative bodies have exclusive control." *Grendell*, 86 Ohio St.3d at 633, 716 N.E.2d 704. A court can no more prohibit the General Assembly from enacting a law than it could compel the legislature to enact, amend, or repeal a statute—"the judicial function does not begin until after the legislative process is completed." *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 469, 715 N.E.2d 1062 (1999); *see also State ex rel. Slemmer v. Brown*, 34 Ohio App.2d 27, 28, 295 N.E.2d 434 (10th Dist.1973) ("The judiciary has no right or power to command the General Assembly to adopt joint resolutions").

**{¶ 28}** Accordingly, we agree with the prevailing rule that under a tripartite form of government, "a court cannot enjoin the legislature from passing a law. 'This is true whether such action by the legislature is in disregard of its clearly imposed constitutional duty or is the enactment of an unconstitutional law.' " *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 899, 179 P.3d 366 (2008), quoting *State ex rel. Stephan v. Kansas House of Representatives*, 236 Kan. 45, 51, 687 P.2d 622 (1984); *see also New Orleans Water Works Co. v. New Orleans*, 164 U.S. 471, 481,

17 S.Ct. 161, 41 L.Ed. 518 (1896) ("a court of equity cannot properly interfere with, or in advance restrain, the discretion of a municipal body while it is in the exercise of powers that are legislative in their character"); *State ex rel. Ozanne v. Fitzgerald*, 334 Wis.2d 70, 2011 WI 43, 798 N.W.2d 436, ¶ 1, 8-9 (holding that the separation-of-powers doctrine is violated when a court enjoins publication of a bill enacted by the legislature on grounds that its enactment violated the Open Meetings Law); *Magnus v. Carr*, 350 Ark. 388, 394, 86 S.W.3d 867 (2002) (holding that the judiciary lacks authority to enjoin a legislator from voting on a bill); *Perdue v. Ferguson*, 177 W.Va. 44, 47, 350 S.E.2d 555 (1986) (noting that the separation-of-powers doctrine precludes an injunction against the enactment of legislation); *Horry Tel. Coop., Inc. v. Georgetown*, 408 S.C. 348, 353, 759 S.E.2d 132 (2014), fn. 5 (explaining that the separation-of-powers doctrine would be violated if a court compelled a legislative body to enact a law); *Brown v. Owen*, 165 Wash.2d 706, 206 P.3d 310 (2009), ¶ 32 ("we will not interfere with the internal workings of the senate to examine the procedures by which a bill failed").

**{¶ 29}** The judiciary may not impede the General Assembly's plenary power to enact laws. Courts may intervene only after a legislative enactment has been passed and challenged in an action properly before it, *New Orleans Water Works* at 481; *Associated Gen. Contrs. of Am. v. Columbus*, 172 F.3d 411, 415 (6th Cir.1999). And even then "the court intervenes only when the legislative act is clearly incompatible with some express provision of the Constitution." *State v. Parker*, 150 Ohio St. 22, 24, 80 N.E.2d 490 (1948).

**{¶ 30}** Accordingly, we hold that the trial court lacked authority to enjoin the H.B. 64 spending provisions as punishment for contempt and that it abused its discretion in doing so.

## Conclusion

**{¶ 31}** The Ohio Constitution " 'is primarily a limitation on legislative power of the General Assembly [as opposed to a grant of power]; therefore, the

General Assembly may pass any law unless it is specifically prohibited by the state or federal Constitutions.' " *Johns v. Univ. of Cincinnati Med. Assoc., Inc.*, 101 Ohio St.3d 234, 2004-Ohio-824, 804 N.E.2d 19, ¶ 35, quoting *State v. Warner*, 55 Ohio St.3d 31, 43, 564 N.E.2d 18 (1990). The court's function in reviewing legislative enactments is limited to interpreting the meaning of statutory provisions and determining whether they are in accord with the federal and state Constitutions. *Acme Eng. Co. v. Jones*, 150 Ohio St. 423, 433, 83 N.E.2d 202 (1948).

{¶ 32} Here, the trial court lacked authority to enjoin enforcement of the spending provisions relating to traffic cameras enacted in H.B. 64 because no action has been filed challenging their constitutionality and no court has found them unconstitutional. Moreover, the April 2015 permanent-injunction order relied upon for the contempt order did not enjoin the General Assembly from enacting new legislation relating to traffic cameras, nor could it have, since the separation-of-powers doctrine precludes a court from enjoining the General Assembly from exercising its legislative power to enact laws. The trial court therefore abused its discretion when it issued its October 7, 2015 order, which neither its equitable powers nor its inherent powers of contempt authorized it to issue.

{¶ 33} Accordingly, we reverse the judgment of the Sixth District Court of Appeals, vacate the contempt order, and dissolve the injunction entered as punishment for that contempt.

Judgment reversed,

contempt order vacated,

and injunction dissolved.

O'CONNOR, C.J., and KLATT, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

WILLIAM A. KLATT, J., of the Tenth District Court of Appeals, sitting for O'DONNELL, J.

_____

Dale R. Emch, Toledo Law Director, and Adam W. Loukx and Joseph V. McNamara, Assistant Law Directors, for appellee.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, Stephen P. Carney, Deputy Solicitor, and Halli Brownfield Watson, Assistant Attorney General, for appellants.

_____