[Cite as *Moton v. Bailey*, 2019-Ohio-5365.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Teairra Moton, et al.                                    Court of Appeals No. L-19-1122

        Plaintiffs                                    Trial Court No. CI0201704763

v.

Guy Eugene Bailey, et al.                        **DECISION AND JUDGMENT**

        Appellees                                    Decided:  December 27, 2019

[Cynthia K. Bennett & Star Moton - Appellants]

* * * * *

Shannon J. George and Jessica Dillon Compton, for appellees.

Patrick R. Millican, for appellants.

* * * * *

**MAYLE, P.J.**

{¶ 1} Appellants, Cynthia Bennett and Star Moton, appeal the May 14, 2019

judgment of the Lucas County Court of Common Pleas that held them in contempt for

failing to comply with an earlier court order requiring them to effectuate a settlement with appellee, Eugene Bailey, and fined them $5,000. For the following reasons, we reverse.

## I. Background and Facts

{¶ 2} In September 2016, Bailey and Bennett were involved in a car accident.[1] Bailey, who was driving with a blood alcohol level above the legal limit, rear ended Bennett's car and injured her. Moton is Bennett's adult daughter, who was not in the vehicle but later asserted a loss-of-consortium claim due to her mother's injuries.

{¶ 3} As a result of this accident, Bennett's attorney, Patrick Millican, made a settlement demand of $25,000 to SafeAuto Insurance Company ("SafeAuto"), Bailey's car insurance carrier. On January 2, 2017, Angela Fox, claims counsel for SafeAuto, sent Millican an email stating, "I would like to extend an offer of the policy limits of $25,000.00 regarding Cynthia Bennett's claim. * * * This offer is for a full and final release including a waiver of subrogation as noticed by Grange Indemnity, The Rawlings Co., and Praxis Disability Group." The record does not contain a written acceptance of SafeAuto's offer—either by reply email or otherwise. The following correspondence submitted by the parties, however, indicates that they reached some sort of compromise.

---

[1] Two children were passengers in Bennett's car at the time of the accident. The children's parents, on behalf of the children and in their individual capacities, filed a separate lawsuit against Bailey that the trial court consolidated with Bennett and Moton's lawsuit. The children's lawsuit is not at issue in this appeal.

2.

{¶ 4} On February 7, 2018, Millican sent an email to Fox inquiring about when the "settlement check" and release of claims had been or would be sent to him.  Later that day, Fox responded that she had just confirmed the final lienholder's consent to Millican receiving the settlement funds directly, but she was unable to issue a settlement check because she had not received a W-9 form from Millican.  Fox stated that once she received the W-9, it would take her up to 48 hours to issue the settlement check.

{¶ 5} By February 22, 2018, Millican had not received the settlement check and release, so he emailed Fox about them.  She responded that the check had been issued on February 9 and sent to another attorney, Shannon George, "to complete the release and forward to [Millican]."  Also on February 22, George emailed Millican a release of claims for Bennett to sign and said that she would deliver the check to Millican's office once the release was signed.  The release only included Bennett's name (including one instance where it referred to her as "Amanda Cynthia Bennett").  George's email stated that Millican had left her a voicemail in which he "made reference to a Star Moton, but [George was] unclear what relation this has to Bennett's claim.  If there is a need to discuss this, please advise."

{¶ 6} The next day, on February 23, 2018, Millican sent an email to George complaining about SafeAuto's performance under the settlement agreement and problems with the release.  He wrote,

> The settlement agreement made between Safe Auto, Angel Fox and my clients Cynthia Bennett and Star Moton provided that the settlement check made out to Cynthia Bennett and Star Moton and the release with

3.

Cynthia Bennett and Star Moton releasing their claims were to be sent to me within 48 hours of February 7, 2018. I have not received the check made out to Cynthia Bennett and Star Moton or the release with Cynthia Bennett and Star Moton releasing their claims. The release attached hereto on page 2 references an Amanda Cynthia Bennett (an unknown person), contains language on page 3 regarding no disbursement of funds until liens have been released (which was never agreed upon especially after the liens from Grange, Rawlings and Cigna were released and Safe Auto has those releases), and on page 1 states that the funds are in hand when the release is signed, but the letter states that no check at this time. The release needs to take out the disbursement language, Amanda Cynthia Bennett and include Star Moton, a single individual and be accompanied by the settlement check made out to Cynthia Bennett and Star Moton as agreed to.

I will await the settlement check made out to Cynthia Bennett and Star Moton and the release with Cynthia Bennett and Star Moton's release of their claims. If I do not receive the proper check and release at my office on or before 5:00 p.m. on Wednesday February 28th 2018 [sic], I will inform my clients that Safe Auto, Guy Bailey and Angel Fox are attempting to back out of the agreed upon settlement, inform them of their options and proceed from there.

{¶ 7} On March 5, 2018, Millican filed a complaint in the trial court alleging, among other things, that Fox, on behalf of SafeAuto, offered a settlement of $25,000 to Bennett and Moton in exchange for a release of claims and waiver of subrogation rights by the lienholders. The complaint also alleged that Bennett and Moton accepted the offer and provided the requested subrogation waivers. Despite that, Bennett and Moton claimed that SafeAuto breached the settlement agreement because "even after several requests, Defendant Safe Auto has refused to provide the Plaintiffs with a release and the settlement check as agreed upon."[2]

{¶ 8} Later on March 5, after Millican filed the underlying lawsuit, George sent Millican an email addressing his concerns with the proposed release. She corrected the typographical error in Bennett's name, said that there should be no issues with the liens because they had already been released, and noted that the claim file from SafeAuto did not refer to Moton or include her as an injured party and that her consortium claim was covered by a provision in the release. George also said that she had a $25,000 check payable to Bennett and Millican, and was willing to meet with Bennett and Millican at Millican's office to exchange the executed release and the check. Shortly after receiving George's email, Millican responded, informing George's secretary that "suit was filed against Guy Bailey **and** Safe Auto this morning before you sent [the email]." (Emphasis sic.)

---

[2] The complaint also included claims against SafeAuto and Fox, which the trial court dismissed on September 18, 2018.

{¶ 9} Later, on May 18, 2018, George again contacted Millican in an attempt to resolve Bennett's claims. Attached to the email was a release that included both Bennett's and Moton's names, and George offered to reissue the settlement check in Bennett's, Moton's, and Millican's names. There is nothing in the record indicating that Millican responded to the May 18 email.

{¶ 10} On September 12, 2018, Bailey filed a motion to enforce settlement. In it, he argued that (1) Millican, on behalf of Bennett, had reached an agreement with SafeAuto, on behalf of Bailey, to settle Bennett's bodily injury claim against Bailey for $25,000; (2) Bennett and Moton had begun performing under the settlement agreement by attempting to satisfy the outstanding liens; (3) Bailey, through counsel and SafeAuto, performed by issuing a settlement check to Millican; and (4) Bennett and Moton reneged on the settlement by filing suit on March 5, 2018. Bailey asked the court to order Bennett and Moton to comply with the terms of the settlement agreement. Bailey also argued that the parties had agreed to the material and salient terms of the agreement and any defects regarding the names on the release and check did not negate the parties' agreement.

{¶ 11} In their response, Bennett and Moton argued that they had reached a settlement with nonparty SafeAuto—not Bailey. They further argued that the settlement required SafeAuto to send a release to Millican, as well as a $25,000 check made out to Bennett, Moton, and Millican, within 48 hours of February 7, 2018. They claimed that SafeAuto breached the settlement agreement by failing to satisfy these obligations and, as a result, SafeAuto could not force Bennett and Moton to comply with the terms of an

6.

agreement it had breached. They also argued that Bailey did not include the defense of settlement in his answer, and did not present evidence on the elements required to enforce a settlement.

{¶ 12} The trial court, without holding a hearing, issued an order on October 22, 2018, granting Bailey's motion to enforce settlement, stating that

> Bailey has demonstrated, via affidavit and otherwise, that Bennett and Moton, by and through their attorney, Patrick R. Millican: (1) agreed to accept Bailey's $25,000 policy limits in full and final settlement of their claims arising from a September 14, 2016 motor vehicle accident; and (2) performed in accordance with the settlement terms before backing out of the settlement and filing suit.

Although the court did not specify what "the settlement terms" were, it ordered the parties and counsel to cooperate "as necessary to effect the policy-limits settlement negotiated before Plaintiffs filed suit against Defendant" by October 31, 2018, and ordered Bennett and Moton to dismiss their claims against Bailey within seven days of receiving the settlement proceeds.

{¶ 13} George emailed Millican on October 29, 2018, in an attempt to comply with the trial court's October 22 order. Based on an email that George sent to Millican on November 5, 2018, it appears that Millican responded to the October 29 email, but his response is not in the record. In the November 5 email, George addressed Millican's concerns about complying with the October 22 order, which included his beliefs that (1) the October 22 order was void or voidable because it ordered Bennett and Moton to settle

7.

with a nonparty (i.e., SafeAuto), (2) Moton and Bennett were entitled to interest on the settlement, and (3) SafeAuto had breached the settlement agreement by not timely issuing a check made out to the proper parties.

{¶ 14} Bennett and Moton continued to refuse to accept a settlement check from SafeAuto on Bailey's behalf. Consequently, Bailey filed a motion to show cause seeking to hold Bennett, Moton, and Millican in contempt for failure to comply with the trial court's October 22 order. In response, Bennett and Moton filed a motion to show cause seeking to hold Bailey, George, and George's co-counsel in contempt because they had attempted to settle the matter "on terms and conditions not part of any settlement agreement negotiated before Plaintiffs filed suit * * *."

{¶ 15} On May 13, 2019, the trial court held a hearing on the motions to show cause. George brought a release and $25,000 settlement check to court. After reviewing the sanctions available to it, the trial court took a recess and said that, when court resumed, "I expect this case to be—the paperwork to be signed. And if it isn't signed, I will take that into consideration in the motion to show cause." Millican, Bennett, and Moton declined to sign the release and accept the check that George brought to court. When court reconvened, the court allowed George and Millican to explain their clients' positions on the matter and confirmed with Bennett and Moton that they were refusing to sign the release and accept the check. George said that she had attempted to resolve the matter several times since the trial court's order of October 22, but that Millican, Bennett, and Moton were unwilling to sign the release and accept the check from SafeAuto. In response, Millican explained that George's proposed release did not conform to the

8.

settlement terms the parties agreed to prior to Bennett and Moton filing the lawsuit, despite Millican's repeated efforts to obtain a release that included the previously agreed upon terms. Millican believed that he and his clients had complied with the trial court's October 22 order by attempting to get a correct release. The trial court disagreed with Millican's assessment and granted Bailey's motion to show cause. It also assessed a sanction of $5,000 to be taken from the settlement proceeds. The court said that its order would not go into effect until the next day, giving Bennett and Moton another opportunity to accept the check and release (and avoid the sanction).

{¶ 16} In its May 14, 2019 judgment entry, the trial court denied Bennett and Moton's motion to show cause and granted Bailey's motion to show cause. The court assessed a $5,000 sanction against Bennett and Moton "for failing to comply with this Court's October 22, 2018 Opinion and Journal Entry and complete the settlement as Ordered[.]" The court also ordered Bailey to tender the release and a settlement check of $20,000 (the original settlement amount minus the $5,000 sanction) by May 20.

{¶ 17} Bennett and Moton now appeal, raising four assignments of error:

1. The trial court erred in ordering the Plaintiffs and their counsel to perform the acts set forth in the JOURNAL ENTRY portion of the OPINION AND JOURNAL ENTRY granting Defendant's Amended Motion to Enforce Settlement.

2. The trial court erred in granting the Defendant's Motion to Show Cause based upon the trial court's OPINION AND JOURNAL ENTRY granting Defendant's Amended Motion to Enforce Settlement.

9.

3. The trial court erred in denying the Plaintiffs' Motion to Show Cause.

4. The trial court erred in granting the Defendant's Motion to Show Cause.

## II. Law and Analysis

{¶ 18} In their assignments of error, Bennett and Moton argue that the trial court's October 22, 2018 order was invalid, the trial court erred by finding them in contempt based on an invalid order, and the trial court should have held Bailey in contempt because his evidence established a prima facie case of contempt against Bailey. Bailey responds that the trial court's May 14, 2019 order is not final and appealable; Bennett and Moton cannot challenge the legitimacy of the October 22 order, or, if they can, the October 22 order was valid; and the trial court did not abuse its discretion by finding Bennett and Moton in contempt.

{¶ 19} As a preliminary matter, we reject Bailey's arguments that the trial court's May 14 entry sanctioning Bennett and Moton was not a final, appealable order and that Bennett and Moton did not properly appeal the trial court's October 22 entry.

{¶ 20} An order holding a person in contempt of court and imposing a sanction (whether unconditional or conditioned on the person's failure to purge the contempt) is a final order that is immediately appealable. *Docks Venture, LLC v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, 22 N.E.3d 1035, ¶ 14, 23; *Smith v. Chester Twp. Bd. of Trustees*, 60 Ohio St.2d 13, 396 N.E.2d 743 (1979), paragraph one of the syllabus; *Bar 145 Franchising, LLC v. College Town Kent, LLC*, 11th Dist. Portage
10.

No. 2017-P-0102, 2018-Ohio-2459, ¶ 14. Moreover, when a contempt judgment is based on a nonappealable interlocutory order, in reviewing the contempt finding, the appellate court is permitted to review the propriety of the underlying interlocutory order. *Smith* at paragraph one of the syllabus.

{¶ 21} The trial court's May 14 order granted Bailey's motion to show cause and sanctioned Bennett and Moton $5,000 for failing to comply with the court's October 22 judgment, which ordered them to effectuate the presuit settlement agreement. The May 14 order is a final, appealable order. *Id.* Although Bennett and Moton previously filed an appeal of the October 22 order, which we dismissed for lack of a final, appealable order, *Moton v. Bailey*, 6th Dist. Lucas No. L-18-1246 (Feb, 21, 2019), we can nonetheless review the October 22 order in *this* appeal because the October 22 order was the basis of the trial court's May 14 contempt finding. *Smith* at paragraph one of the syllabus.

{¶ 22} Turning to Bennett and Moton's assignments of error, we find that the fourth assignment of error is dispositive of this appeal. In it, Bennett and Moton argue (among other things) that the October 22 judgment entry that formed the basis of the trial court's contempt finding is uncertain, indefinite, or ambiguous, so it could not support a finding of contempt. We agree.

{¶ 23} "Contempt of court" is "the disregard for, or the disobedience of, an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." (Internal citations and quotations omitted.) *Ameritech Publishing, Inc. v. Mayo Bail* 11.

*Bonds & Sur., Inc.*, 6th Dist. Erie No. E-12-012, 2013-Ohio-831, ¶ 15. "[A] court order cannot be enforced in contempt unless the order was 'clear and definite, unambiguous, and not subject to dual interpretations.' * * * A litigant cannot be punished for violating a court order that is indefinite or uncertain in its meaning." *City of Toledo v. State*, 154 Ohio St.3d 41, 2018-Ohio-2358, 110 N.E.3d 1257, ¶ 23, quoting *State ex rel. Cincinnati Enquirer v. Hunter*, 138 Ohio St.3d 51, 2013-Ohio-5614, 3 N.E.3d 179, ¶ 25.

{¶ 24} Whether to hold a party in contempt is within a trial court's discretion. *Tilimon v. Taylor,* 6th Dist. Wood No. 92WD066, 1993 WL 283337, *2 (July 30, 1993). We review a trial court's decision on a motion for contempt under an abuse-of-discretion standard. *Baum v. Perry-Baum*, 6th Dist. Wood No. WD-18-085, 2019-Ohio-3923, ¶ 35; *Davis v. Davis*, 2012-Ohio-2088, 970 N.E.2d 1151, ¶ 40 (6th Dist.). "A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound." *State v. Nisley*, 3d Dist. Hancock No. 5-13-23, 2014-Ohio-981, ¶ 16; *State v. Boles,* 187 Ohio App.3d 345, 2010-Ohio-278, 932 N.E.3d 345, ¶ 16-18 (2d Dist.).

{¶ 25} Here, we find that the trial court's October 22, 2018 judgment entry was not sufficiently definite to support a finding of contempt. Although the October 22 order states that the parties agreed to settle Bennett's and Moton's claims against Bailey, and that Bennett and Moton started to perform under the settlement before backing out, the trial court did not determine what the terms of that settlement were. The entry—again without defining the terms of the settlement—instructed Bennett, Moton, and Millican to

12.

"cooperate" with Bailey and his counsel "as necessary to effect the policy-limits settlement negotiated before * * *" Bennett and Moton filed the underlying lawsuit.

{¶ 26} The correspondence the parties submitted in connection with Bailey's motion to enforce settlement, however, shows that there is a dispute about whether the release tendered by George accurately reflects the settlement that Millican reached with Fox. Given this dispute, we cannot say that the trial court's October 22 order clearly, definitely, and unambiguously put Bennett and Moton on notice of what the trial court expected them to do. Bennett and Moton cannot be held in contempt of a court order that does not provide them with clear guidance on how they can comply with it. Because the October 22 order was indefinite, we find that the trial court abused its discretion by holding Bennett and Moton in contempt of that order. Accordingly, Bennett and Moton's fourth assignment of error is well-taken.

{¶ 27} Additionally, because we have determined that the trial court erred by finding Bennett and Moton in contempt, we find that their first, second, and third assignments of error are moot and are not well-taken.

### III. Conclusion

{¶ 28} Based on the foregoing, the May 14, 2019 judgment of the Lucas County Court of Common Pleas is reversed and the case is remanded. On remand, if the parties cannot agree to the terms of the settlement, the trial court should conduct a hearing to determine the precise terms of the settlement agreement and render judgment accordingly. Bailey is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed and remanded.

L-19-1122
Moton, et al. v. Bailey, et al.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                         _____
                                                        JUDGE

Christine E. Mayle, P.J.

Gene A. Zmuda, J.                    _____
CONCUR.                                              JUDGE


                                               _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.