[THE STATE EX REL.] POWELL, APPELLANT, *v.* MARKUS, JUDGE, APPELLEE.

[Cite as *State ex rel. Powell v. Markus,*
115 Ohio St.3d 219, 2007-Ohio-4793.]

(No. 2007–0851—Submitted September 12, 2007—Decided September 20, 2007.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying writs of mandamus and prohibition to set aside a conviction and sentence based on the claim that the retired judge who presided over the criminal trial lacked authority to do so. Because the retired judge did not patently and unambiguously lack jurisdiction to preside over the criminal trial, we affirm.

### Criminal Trial

{¶ 2} Appellee, Judge Richard M. Markus, served as a judge on the Cuyahoga County Court of Common Pleas and voluntarily retired. Supreme Court of Ohio Chief Justice Thomas J. Moyer assigned Judge Markus to "preside in the Scioto County Court of Common Pleas, General Division, to hear case 04–CR–1174, State of Ohio vs. Matthew Powell and to conclude any proceedings in which he participated." Judge Markus presided over the jury trial in the criminal case for appellant, Matthew Powell.

{¶ 3} The jury found Powell guilty of tampering with evidence, and in August 2005, Judge Markus sentenced him to a term of imprisonment and imposed community-control sanctions. On appeal, the court of appeals affirmed. *State v. Powell*, Scioto App. No. 05CA3024, 2006-Ohio-5031, 2006 WL 2780112. We did not accept Powell's discretionary appeal from the court of appeals' judgment for review. *State v. Powell*, 113 Ohio St.3d 1413, 2007-Ohio-1036, 862 N.E.2d 843.

### Mandamus and Prohibition Case

{¶ 4} In December 2006, Powell filed a complaint in the Court of Appeals for Scioto County for writs of mandamus and prohibition to set aside his conviction and prohibit the enforcement of his sentence. Powell claimed that Judge Markus was not authorized to preside over his criminal case. Judge Markus filed a motion for summary judgment, and Powell filed a memorandum in opposition and a motion to stay a ruling on the motion until after a reasonable period of discovery. In 2007, the court of appeals granted Judge Markus's motion for summary judgment, denied Powell's motion to stay, and denied the writ.

### Appeal

{¶ 5} In his appeal as of right, Powell asserts that the court of appeals erred in dismissing his complaint. Powell's assertion lacks merit.

{¶ 6} Powell asks the court to issue a writ setting aside the conviction and sentence, but direct appeal, not mandamus or prohibition, is the appropriate

action by which to obtain this type of relief. *State ex rel. Nelson v. Griffin,* 103 Ohio St.3d 167, 2004-Ohio-4754, 814 N.E.2d 866, ¶ 3, 5 (mandamus and prohibition not available to compel judge to vacate convictions and sentence).

{¶ 7} Certainly, "[i]f a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition and mandamus will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *State ex rel. Mayer v. Henson,* 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12.

{¶ 8} Even so, assuming that mandamus and prohibition are appropriate actions to vacate Powell's conviction and sentence, absent a patent and unambiguous lack of jurisdiction, "a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal." *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 428–429, 751 N.E.2d 472.

{¶ 9} For the following reasons, the court of appeals properly held that Judge Markus did not patently and unambiguously lack jurisdiction in Powell's criminal case.

{¶ 10} First, the chief justice's appointment of Judge Markus authorized him to proceed in the criminal case. "Any voluntarily retired judge, or any judge who is retired under this section, may be assigned with his consent, by the chief justice or acting chief of the supreme court to active duty as a judge * * *." Section 6(C), Article IV, Ohio Constitution. This provision authorizes the assignment of a retired judge who is over 70 years old. Id. Nor did Judge Markus's failure to report per diem compensation for his services to Scioto County establish any lack of authority. See R.C. 141.16.

{¶ 11} Second, Sup.R. 17(A) did not prevent Judge Markus from being assigned to preside over Powell's criminal case. This rule provides that "any *municipal or county court judge* who voluntarily has retired or who is retired by virtue of Article IV, Section 6(C) of the Ohio Constitution *and who is not engaged in the practice of law,* may consent to be assigned by the Chief Justice or acting Chief Justice of the Supreme Court to serve as a judge on any municipal or county court." (Emphasis added.) But Sup.R. 17(A) is inapplicable because Judge Markus is a retired common pleas court judge and not a retired "municipal or county court judge." See, e.g., Sup.R. 1(A), which differentiates between courts of common pleas and municipal and county courts: "these Rules of Superintendence for the courts of Ohio are applicable to all courts of appeal, courts of common pleas, municipal courts, and county courts in this state."

{¶ 12} Moreover, despite Powell's claims, Judge Markus's status as the president of Private Judicial Services, Inc. and his involvement in mediation, arbitration, and private judging did not preclude his appointment. Retired judges

eligible for assignment need not comply with those canons of the Code of Judicial Conduct that preclude judges from serving as officers of certain business entities and from acting as an arbitrator or a mediator or otherwise performing judicial functions in a private capacity. See Compliance with the Code of Judicial Conduct, Section D.

{¶ 13} Finally, Judge Markus was not acting as a private judge in a civil case when he presided over Powell's criminal case. Therefore, the cases cited by Powell are distinguishable. Cf. *State ex rel. Russo v. McDonnell,* 110 Ohio St.3d 144, 2006-Ohio-3459, 852 N.E.2d 145, paragraph one of the syllabus; *State ex rel. Peffer v. Russo,* 110 Ohio St.3d 175, 2006-Ohio-4092, 852 N.E.2d 170, ¶ 19; *State ex rel. MetroHealth Med. Ctr. v. Sutula,* 110 Ohio St.3d 201, 2006-Ohio-4249, 852 N.E.2d 722, ¶ 9.

{¶ 14} Based on the foregoing, the court of appeals did not err in denying the writs. Judge Markus did not patently and unambiguously lack jurisdiction to preside over the criminal trial, and Powell had an adequate remedy by way of appeal to raise his claim. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

James H. Banks, for appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Chadwick K. Sayre, Assistant Prosecuting Attorney, for appellee.