THE STATE EX REL. PLANT, APPELLANT, *v.* COSGROVE, JUDGE, APPELLEE.

[Cite as *State ex rel. Plant v. Cosgrove,*
119 Ohio St.3d 264, 2008-Ohio-3838.]

(No. 2008–0482—Submitted July 22, 2008—Decided August 6, 2008.)

---

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for writs of prohibition and mandamus to compel the trial court judge to vacate an amended sentencing entry. Because the sentencing judge did not patently and unambiguously lack jurisdiction to amend the sentencing entry, we affirm.

{¶ 2} In November 2006, appellee, Summit County Court of Common Pleas Judge Patricia A. Cosgrove, sentenced appellant, Phillip R. Plant, to two years in prison and five years of postrelease control upon his guilty plea to a charge of aggravated trafficking in drugs. In March 2007, Judge Cosgrove amended the sentencing entry to include the following language: "By law, this sentence must be served consecutively to any other sentence the Defendant is serving." The court of appeals dismissed Plant's appeal from the sentence based on that court's view that the common pleas court's 2006 entry was not final and appealable, as it did not set forth a finding of guilt. Judge Cosgrove subsequently issued another entry in February 2008 that rectified the omission, making it a final, appealable order.

{¶ 3} Plant filed a petition in the Court of Appeals for Summit County for writs of prohibition and mandamus to compel Judge Cosgrove to void the amended sentence. The court of appeals dismissed Plant's petition sua sponte.

{¶ 4} In his appeal as of right, Plant asserts that the court of appeals erred in dismissing his petition. "A court may dismiss a complaint sua sponte and without notice when the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Brooks v. O'Malley,* 117 Ohio St.3d 385, 2008-Ohio-1118, 884 N.E.2d 42, ¶ 5.

{¶ 5} "Neither mandamus nor prohibition will issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law."

*Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 12. In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal. *State ex rel. Powell v. Markus,* 115 Ohio St.3d 219, 2007-Ohio-4793, 874 N.E.2d 775, ¶ 8.

{¶ 6} Judge Cosgrove did not patently and unambiguously lack jurisdiction to amend Plant's sentence to correct it before his sentence expired. A trial court retains continuing jurisdiction to correct a sentence that disregards statutory requirements or to correct clerical errors. *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19–20. Plant did not specifically contend in his petition that Judge Cosgrove's amendment was not dictated by a statutory requirement as the amended sentencing entry appeared to suggest.

{¶ 7} Therefore, because Plant's claims lacked merit, the court of appeals properly dismissed them. Plant has an adequate remedy by appeal from Judge Cosgrove's February 2008 sentencing entry. We affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Phillip R. Plant, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.