OPINION AND JUDGMENT ENTRY
{¶ 1} Relator John Sakalosh has filed a pro se petition for a writ of mandamus to compel Respondent Mahoning County Common Pleas Court Judge John M. Durkin to vacate his prison sentence.
 {¶ 2} Relator alleges that he pleaded guilty to three counts of sexual battery pursuant to a Crim. R. 11(F) plea agreement apparently in exchange for other counts being dismissed. The trial court sentenced Relator to a term of imprisonment of three years, two years, and three years for each of the respective counts to which he pleaded guilty for an aggregate prison sentence of eight years. The crux of Relator's argument is that the plea agreement was for a sentence of probation and/or community control sanctions, not prison. Therefore, Relator argues that Respondent breached the plea agreement by sentencing him to prison and that Respondent was then required to vacate his prison sentence. Notably, Relator has failed to attach copies of the plea agreement and/or the judgment of conviction and sentence.
 {¶ 3} Respondent has filed a motion to dismiss arguing that Relator had an adequate remedy in the ordinary course of law by way of direct appeal and that Relator failed to include in his petition a statement of other civil actions he has filed in the last five years pursuant to R.C. 2969.25.
 {¶ 4} A Civ. R. 12(B)(6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition, presuming the allegations contained therein are true, that the relator can prove no facts which would warrant the relief sought.State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80,537 N.E.2d 641. To withstand a motion to dismiss, a complaint must contain, with sufficient particularity, a statement of the clear legal duty of the respondent to perform the act requested. State ex rel. Boggs v.Springfield Local School Dist. Bd. of Ed. (1995), 72 Ohio St.3d 94, 95,647 N.E.2d 788.
 {¶ 5} In order to be entitled to a writ of mandamus a relator must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide such relief, and (3) the lack of an adequate remedy in the ordinary course of law. State exrel. Zimmerman v. Tompkins (1996), *Page 2 75 Ohio St.3d 447, 663 N.E.2d 639. The burden is on the relator to establish the elements to obtain the writ. State ex rel. Dehler v. Sutula (1995),74 Ohio St.3d 33, 656 N.E.2d 332.
 {¶ 6} Mandamus is not the proper legal remedy to correct errors and procedural irregularities in the course of a case. State ex rel. Sims v.Griffin (Nov. 20, 2001), 8th Dist. No. 79029. "Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded." Id.
 {¶ 7} The main problem with this petition is that Relator has chosen the wrong legal avenue of relief. To the extent that Relator asks this court to issue a writ compelling Respondent to set aside his sentence, direct appeal, not mandamus, is the appropriate action by which to obtain that type of relief. State ex rel. Powell v. Markus,115 Ohio St.3d 219, 2007-Ohio-4793, 874 N.E.2d 775, at ¶ 6. In the sense that Relator essentially requests release from prison, habeas corpus, rather than mandamus, is the proper action to seek that type of relief.State ex rel. Nelson v. Griffin, 103 Ohio St.3d 167, 168,2004-Ohio-4754, 814 N.E.2d 866, at ¶ 5. Since Relator alleges that Respondent breached the plea agreement by sentencing him to prison, Relator's appropriate remedy is to pursue a direct appeal of his conviction and sentence.
 {¶ 8} Even if we were able to reach the substantive merits of Relator's argument, it still would probably fail. It appears from the petition that Relator pleaded guilty to three counts of sexual battery and that the other remaining counts were dismissed. Sexual battery is a third-degree felony punishable by a prison term of one, two, three, four, or five years. R.C. 2929.14(A)(3). Thus, Relator received only eight years of a possible maximum prison sentence of fifteen years. It is highly unlikely that Relator negotiated a sentence recommendation of probation and/or community control sanctions given the number and severity of the offenses. The eight-year sentence was likely the result of a plea agreement in which the state agreed to recommend eight years. Even if probation and/or community control sanctions was the sentencing recommendation Relator was able to negotiate, it is not uncommon for such plea agreements to contain a provision stating that it is the defendant's *Page 3 
understanding that the court may accept or reject all or part of the state's sentencing recommendations. Moreover, it is well recognized that a trial court is free to impose a greater sentence so long as the defendant is forewarned of the applicable maximum penalties and the sentencing court was itself not a party to the agreement. State v.Darmour (1987), 38 Ohio App.3d 160, 529 N.E.2d 208; State v.Buchanan, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003.
 {¶ 9} For these reasons, the Respondent's motion to dismiss is granted and this petition is dismissed. Costs of this proceeding are taxed against Relator.
 {¶ 10} Final order. Clerk to serve notice as provided by the civil rules.
Donofrio, J. concurs.
Vukovich, P.J. concurs.
Waite, J. concurs. *Page 1