[Cite as *State ex rel. Smith v. DeWeese*, 2014-Ohio-3849.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE EX REL. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| WILLIAM E. SMITH | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| Petitioner | |
| | Case No. 14CA8 |
| -vs- | |
| HONORABLE JAMES DEWEESE | O P I N I O N |
| Respondent | |

CHARACTER OF PROCEEDING:        Writ of Prohibition

JUDGMENT:                        Dismissed

DATE OF JUDGMENT ENTRY:          September 3, 2014

APPEARANCES:

For Petitioner                   For Respondent

WILLIAM E. SMITH, PRO SE         JILL M. COCHRAN
#651-930 N.C.I.                  Assistant Richland County Prosecutor
15708 St. Rt. 78 West            38 South Park Street, 2nd Floor
Caldwell, Ohio 43724             Mansfield, Ohio 44902

*Hoffman, P.J.*

{¶1} Petitioner, William E. Smith, has filed a Petition for Writ of Prohibition. Respondent has filed a Motion to Dismiss.

{¶2} In order for a writ of prohibition to issue, petitioner must prove that: (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and, (3) the petitioner has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119. A writ of prohibition, regarding the unauthorized exercise of judicial power, will only be granted where the judicial officer's lack of subject-matter jurisdiction is patent and unambiguous. *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 562 N.E.2d 125. State ex rel. Daniels v. Harris 2008 WL 5197131, 1 (Ohio App. 5 Dist.).

{¶3} Petitioner was released on parole in 2008 after having served a prison sentence for felonious assault. As a condition of his parole, Petitioner was ordered to report to a halfway house. He failed to do so and remained at large until 2013 when he was imprisoned for violating his 2008 parole. The expiration of the parole violation sentence is in 2016.

{¶4} Because Petitioner failed to appear at the halfway house, Petitioner was indicted on one count of escape in 2009. Petitioner was arraigned on the escape in late 2013. The trial court ordered Petitioner to be housed in a prison close to the trial court rather than his "parent institution." The escape charge was initially assigned to Judge Henson, however, pursuant to the Richland County local rules, Judge Henson

transferred the case to Respondent, Judge DeWeese because Judge DeWeese was the judge on Petitioner's first case.

{¶5} Petitioner raises four claims: (1) He seeks an order staying the escape charge until this complaint in procedendo is resolved, (2) He seeks an order returning him to his parent institution, (3) He seeks an order removing Respondent from his escape case, and (4) He seeks an order finding a conviction on the escape charge would result in double jeopardy because Petitioner is already serving a sentence for a parole violation based upon the same conduct as the escape charge.

FIRST CLAIM – STAYING CRIMINAL CASE

{¶6} Petitioner offers no authority for the proposition that there is a right to the requested stay. Petitioner does not allege Respondent lacks jurisdiction over the underlying cause.

{¶7} A writ of prohibition is an extraordinary writ issued by a higher court to a lower court or tribunal to prevent usurpation or exercise of judicial powers or functions for which the lower court or tribunal lacks jurisdiction. *State ex rel. Winnefeld v. Butler Cty. Ct. of Common Pleas* (1953), 159 Ohio St. 225, 112 N.E.2d 27.

{¶8} Further, the criminal case was fully resolved while this case was pending making the claim moot. Additionally, Petitioner has already perfected an appeal from the criminal case judgment which provides an adequate remedy at law for Petitioner.

SECOND CLAIM – RETURN TO "PARENT" PRISON

{¶9} Petitioner requests the trial court be prohibited from having Petitioner housed in the Mansfield Correctional Institution. Petitioner seeks to be returned to the Noble Correctional Institution. Petitioner's most recent pleading indicates he is now

housed at the Noble Correctional Institution, therefore, this claim is also moot because the relief he sought has already been obtained. See e.g. *State ex rel. D & D Bonding, Ltd. v. Johnston*, 4th Dist. Jackson Co. No. 04CA10, 2005-Ohio-6797 (request for writ of prohibition preventing a policy that judge had already discontinued was moot).

## THIRD CLAIM – REMOVING RESPONDENT FROM RAPE CASE

{¶10} Petitioner does not allege Respondent does not have general subject matter jurisdiction over his escape case.

{¶11} As the Supreme Court has held, "Neither mandamus nor prohibition will issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law." *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 12. In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal. *State ex rel. Powell v. Markus,* 115 Ohio St.3d 219, 2007-Ohio-4793, 874 N.E.2d 775, ¶ 8." *State ex rel. Plant v. Cosgrove*, 2008-Ohio-3838, 119 Ohio St. 3d 264, 893 N.E.2d 485, 486.

{¶12} Because Respondent as a common pleas court judge has general subject matter jurisdiction over felony cases, prohibition does not lie.

## FOURTH CLAIM – DOUBLE JEOPARDY

{¶13} Petitioner's final claim is the trial court was prohibited from acting because the escape charge exposed Petitioner to double jeopardy. The Supreme Court has held, "Double jeopardy claims are not cognizable in prohibition. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 338, 686 N.E.2d 267, 269–270." *State ex rel. Whiteside v. Fais*, 2001-Ohio-97, 91 Ohio St. 3d 463, 464, 746 N.E.2d 1113, 1114.

**{¶14}** Because claims regarding double jeopardy are not cognizable in prohibition, the requested writ will not issue.

CONCLUSION

**{¶15}** Petitioner has failed to demonstrate he is entitled to have a writ of prohibition issued. For this reason, the motion to dismiss is granted and the request for writ of prohibition is denied.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur