[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cincinnati v. Fourth Natl. Realty, L.L.C.*, Slip Opinion No. 2020-Ohio-6802.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-6802

THE CITY OF CINCINNATI, APPELLANT, *v.* FOURTH NATIONAL REALTY, L.L.C., APPELLEE, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cincinnati v. Fourth Natl. Realty, L.L.C.*, Slip Opinion No. 2020-Ohio-6802.]

*Declaratory-judgment action—R.C. 2721.12—Failure to serve the attorney general at the inception of the action does not divest the trial court of its subject-matter jurisdiction—Court of appeals' judgment affirmed and cause remanded to the trial court.*

(No. 2019-0898—Submitted August 18, 2020—Decided December 22, 2020.)

APPEAL from the Court of Appeals for Hamilton County,
Nos. C-180156 and C-180174, 2019-Ohio-1868.

_____

FRENCH, J.

{¶ 1} When a party seeks a declaratory judgment that a statute or municipal ordinance is unconstitutional, R.C. 2721.12 requires the party to serve its pleading

on the Ohio Attorney General. This case requires us to decide when the attorney general must be served. The appellant, city of Cincinnati, argues that R.C. 2721.12 requires service on the attorney general at the inception of the case. The appellee, Fourth National Realty, L.L.C. ("Fourth National"), did not serve its counterclaim challenging the constitutionality of Cincinnati's zoning ordinances until more than two years into the litigation. According to Cincinnati, this delay in service divested the trial court of subject-matter jurisdiction over Fourth National's claim for declaratory relief.

{¶ 2} We disagree. While R.C. 2721.12(A) requires a party to serve its pleading on the attorney general before a court can rule on a claim for declaratory relief challenging the constitutionality of a statute or ordinance, we conclude that the failure to serve the attorney general at the inception of the action does not divest the trial court of its subject-matter jurisdiction. We therefore affirm the judgment of the First District Court of Appeals and remand the matter to the trial court for proceedings on Fourth National's constitutional challenge of Cincinnati's ordinance.

## FACTS AND PROCEDURAL HISTORY

{¶ 3} On July 1, 2015, Cincinnati filed an action for injunctive relief against Fourth National, seeking the removal of a billboard sign. Cincinnati alleged that Fourth National had installed an outdoor advertising sign without obtaining the necessary permit and variance. Fourth National answered and filed a counterclaim, seeking a declaration that the city's outdoor advertising prohibitions violated its right to free speech under the First Amendment to the United States Constitution and its right to equal protection of the law under the Fourteenth Amendment to the United States Constitution.

{¶ 4} The parties filed competing motions for summary judgment. The trial court granted relief to the city in part, holding that Fourth National had not satisfied the redressability element of a constitutional challenge and thus could not challenge

2

the constitutionality of the ordinance, because Fourth National was in violation of various other city ordinances. On appeal, the First District Court of Appeals concluded that Fourth National could challenge the constitutionality of certain of the city's sign-prohibition provisions on free-speech grounds and remanded the cause to the trial court. *See Cincinnati v. Fourth National Realty, L.L.C.*, 2017-Ohio-1523, 88 N.E.3d 1278.

{¶ 5} On remand, the city filed a second motion for summary judgment, arguing that the trial court did not have subject-matter jurisdiction because Fourth National had not served the attorney general with notice of the pending constitutional claim at the inception of Fourth National's case in accordance with R.C. 2721.12. Fourth National subsequently served the attorney general on January 26, 2018, almost two and a half years after first alleging constitutional violations in its declaratory-judgment action.

{¶ 6} The attorney general chose not to file a brief or otherwise participate in the case. The trial court concluded that it had acquired subject-matter jurisdiction because the attorney general had ultimately been served and the city had not been prejudiced by the delay in serving the attorney general.

{¶ 7} The parties appealed. The court of appeals affirmed in part and reversed in part and again remanded the cause to the trial court. The court of appeals stated that the trial court had acquired subject-matter jurisdiction over the action when Fourth National served the attorney general. The court reasoned that the attorney general ultimately had been served and had chosen not to participate.

{¶ 8} We accepted Cincinnati's discretionary appeal on the following proposition of law: "Service on the Attorney General of a [declaratory-judgment] claim alleging an ordinance is unconstitutional must be made at the inception of the case pursuant to R.C. 2721.12." *See* 156 Ohio St.3d 1497, 2019-Ohio-3505, 130 N.E.3d 293. The Ohio Attorney General filed an amicus brief in support of neither side.

## ANALYSIS

{¶ 9} R.C. 2721.12(A) states:

[W]hen declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding.  * * *.  In any action or proceeding that involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and, if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard.

{¶ 10} With respect to the attorney general, R.C. 2721.12(A) imposes two requirements when a declaratory-judgment action challenges the constitutionality of a statute or ordinance.  First, the attorney general "shall be served with a copy of the complaint."  And second, the attorney general "shall be heard."  While R.C. 2721.12(A) requires the attorney general to be served a copy of the complaint (or other initial pleading), it contains no language dictating the timing of service on the attorney general.  And there is no language in R.C. 2721.12 divesting the trial court of its subject-matter jurisdiction if parties do not complete service on the attorney general within a certain time.  *See Binder v. Cuyahoga Cty.*, __ Ohio St.3d. __, 2020-Ohio-5126, __ N.E.3d __, ¶ 23 (declining to find that trial court lacked subject-matter jurisdiction in absence of language explicitly removing that jurisdiction); *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 9 (same).  Construing R.C. 2721.12(A) as requiring service on the attorney general at the inception of a case would create a temporal requirement that simply does not exist in the statute.

{¶ 11} Cincinnati argues that in *Cicco v. Stockmaster*, 89 Ohio St.3d 95, 728 N.E.2d 1066 (2000), we held that R.C. 2721.12 requires service on the attorney general at the inception of a declaratory judgment action. We inferred in *Cicco* that the General Assembly must have intended to require service on the attorney general "at the inception of the action" in order to give a reasonable amount of time to respond. *Id.* at 99. But we did not create a rule in *Cicco* requiring service on the attorney general "at the inception of the action." Rather, we held in *Cicco* that a party who is challenging the constitutionality of a statute must do two things for the trial court to proceed on a claim for declaratory relief: (1) "assert the claim in the complaint (or other initial pleading)" and (2) "serve the pleading upon the Attorney General in accordance with methods set forth in Civ.R. 4.1." *Id.* at syllabus. Because the plaintiffs in *Cicco* asserted their constitutional challenge for the first time in their motion for summary judgment and sent a copy of the motion to the attorney general by ordinary mail, we concluded that the trial court lacked jurisdiction over their constitutional challenge. *Id.* at 98, 100-101.

{¶ 12} By contrast, Fourth National satisfied both of the requirements in R.C. 2721.12(A), as construed in *Cicco*: (1) Fourth National asserted its constitutional challenge in a counterclaim, and (2) it requested the sheriff's office to serve the counterclaim on the attorney general, in accordance with Civ.R. 4.1. Neither R.C. 2721.12(A) nor *Cicco* requires Fourth National to do anything more to proceed with its claim for declaratory relief.

{¶ 13} Dismissal of Fourth National's counterclaim here would also contradict our precedent allowing parties to rectify belated service on the attorney general or the failure to serve a necessary party to a declaratory-judgment action. In *Leisure v. State Farm Mut. Auto. Ins. Co.*, 89 Ohio St.3d 523, 733 N.E.2d 1117 (2000), we affirmed the lower court's judgment, which vacated rulings entered by the trial court because the plaintiffs had not served the attorney general. But instead of dismissing the action, we remanded the cause to the trial court to permit the

plaintiffs to serve the attorney general. *Id*. at 524. In *Plumbers & Steamfitters Local Union 83 v. Union Local School Dist. Bd. of Edn*., 86 Ohio St. 3d 318, 323, 715 N.E.2d 127 (1999), we allowed the party seeking a declaratory judgment to amend its pleading to join a necessary party, even though the absence of a necessary party constitutes a jurisdictional defect. We also held that a court abuses its discretion by dismissing the action rather than allowing joinder of the absent party. *Id*. at 323-324. When a party has failed to serve the attorney general or a necessary party, courts should allow parties to rectify belated service rather than dismiss the action.

**CONCLUSION**

{¶ 14} While R.C. 2721.12(A) requires service on the attorney general before a court can rule on a claim for declaratory relief challenging the constitutionality of a statute or ordinance, we conclude that the failure to serve the attorney general at the inception of the action does not divest the trial court of its subject-matter jurisdiction.

{¶ 15} We therefore affirm the First District's judgment and remand the matter to the trial court to proceed on Fourth National's constitutional challenge of Cincinnati's ordinance. In accordance with *Leisure*, however, the trial court should vacate any judgments involving Fourth National's counterclaim that the court issued before Fourth National served its counterclaim on the attorney general.

Judgment affirmed
and cause remanded.

O'CONNOR, C.J., and STEWART, J., concur.

KENNEDY, J., concurs in judgment only, with an opinion.

PIPER, J., concurs in judgment only, with an opinion.

DONNELLY, J., concurs, with an opinion.

KLATT, J., dissents, with an opinion.

ROBIN N. PIPER III, J., of the Twelfth District Court of Appeals, sitting for FISCHER, J.

WILLIAM A. KLATT, J., of the Tenth District Court of Appeals, sitting for DEWINE, J.

_____

**KENNEDY, J., concurring in judgment only.**

{¶ 16} Because the failure to serve a copy of the complaint on the attorney general in a declaratory-judgment action attacking the constitutionality of a statute or municipal ordinance does not deprive the common pleas court of subject-matter jurisdiction to proceed to judgment, any error in proceeding despite a lack of service is subject to harmless-error review. The majority, however, relies too heavily on the summary disposition of *Leisure v. State Farm Mut. Auto. Ins. Co.*, 89 Ohio St.3d 523, 733 N.E.2d 1117 (2000), a case that was held for the decision in *Cicco v. Stockmaster*, 89 Ohio St.3d 95, 728 N.E.2d 1066 (2000), to prop up its holdings that (1) a trial court has subject-matter jurisdiction over a declaratory-judgment action notwithstanding a claimant's failure to serve a constitutional claim on the attorney general and (2) any trial-court judgments on constitutional issues entered before the attorney general receives service must be *vacated*. The majority never explains why it apparently believes that those judgments on constitutional issues are *void* even if the trial court does not lack subject-matter jurisdiction over the action and even if there was no prejudice arising from those rulings.

{¶ 17} There is no need to confuse the law here. Subject-matter jurisdiction is the power of a court to hear a particular class or type of case, and the common pleas court is the proper forum for a declaratory-judgment action. Any error the trial court committed in proceeding to judgment is therefore the improper exercise of jurisdiction and, in this case, the error is harmless. Appellant, the city of Cincinnati, waited more than two years to challenge the failure of appellee, Fourth National Realty, L.L.C., to serve the attorney general, and once served, the attorney

general elected not to participate. Because there has been no prejudice to the city or the state, the failure to serve the attorney general was at most harmless error. The city should not profit from an error that it could have raised near the outset of this prolonged litigation, and we should neither grant the city a second opportunity to relitigate these constitutional claims nor require the trial court to engage in the fruitless exercise of vacating and reissuing those rulings on constitutional claims entered prior to service on the attorney general. I therefore concur in judgment only because although I do not agree with the majority opinion's analysis, I agree that the judgment of the First District Court of Appeals should be affirmed.

**Jurisdiction**

{¶ 18} "[J]urisdiction is a vague term, ' "a word of many, too many, meanings." ' " *Cheap Escape Co., Inc. v. Haddox*, L.L.C., 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, ¶ 5, quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 90, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), quoting *United States v. Vanness*, 85 F.3d 661, 663 (D.C.Cir.1996), fn. 2. It encompasses "[s]everal distinct concepts, including territorial jurisdiction, monetary jurisdiction, personal jurisdiction, and subject-matter jurisdiction," *id.*, as well as "jurisdiction over a particular case," *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 18. "The often unspecified use of this polysemic word can lead to confusion and has repeatedly required clarification as to which type of 'jurisdiction' is applicable in various legal analyses." *Id*.

{¶ 19} Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case. *Corder v. Ohio Edison Co.*, ___ Ohio St. 3d ___, 2020-Ohio-5220, ___ N.E.3d ___, ¶ 14, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11-12, 34. " 'A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case.' " *Corder* at ¶ 14, quoting *Kuchta* at ¶ 19. "Instead, 'the focus is on whether the forum itself is

competent to hear the controversy.' " *Id*., quoting *State v. Harper*, ___ Ohio St.3d ___, 2020-Ohio-2913, ___ N.E.3d ___, ¶ 23; *see also* 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed.2017) ("Jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts").

{¶ 20} "A court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction." *Kuchta* at ¶ 19. This reference to "a court's exercise of its jurisdiction over a particular case," *Pratts* at ¶ 12, "involves consideration of the rights of the parties," *Kuchta* at ¶ 19. That is, " ' "[o]nce a tribunal has jurisdiction over both the subject matter of an action and the parties to it, '* * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *.' " ' " (Ellipses added in *Pizza*.) *Harper* at ¶ 26, quoting *Pratts* at ¶ 12, quoting *State ex rel. Pizza v. Rayford*, 62 Ohio St.3d 382, 384, 582 N.E.2d 992 (1992), quoting *Sheldon's Lessee v. Newton*, 3 Ohio St. 494, 499 (1854).

**Subject-Matter Jurisdiction over Declaratory-Judgment Actions**

{¶ 21} Article IV, Section 4(A) of the Ohio Constitution provides that "[t]here shall be a court of common pleas and such divisions thereof as may be established by law serving each county of the state," and Article IV, Section 4(B) provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." "[W]e have interpreted Article IV's mandate that the courts of common pleas have jurisdiction 'as may be provided by law' to mean that '[t]he general subject matter jurisdiction of Ohio courts of common pleas is defined *entirely by statute*.' " (Emphasis added in *Ohio High School Athletic Assn.*) *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 7, quoting *State v. Wilson*, 73 Ohio St.3d 40, 42, 652 N.E.2d 196 (1995).

**{¶ 22}** The General Assembly exercised its power to define the subject-matter jurisdiction of the common pleas courts in enacting R.C. Chapter 2721, the Declaratory Judgment Act.  Subject to a statutory limitation that is not at issue here, "courts of record may declare rights, status, and other legal relations," R.C. 2721.02(A), and

> any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.

R.C. 2721.03.

**{¶ 23}** The court of common pleas therefore has subject-matter jurisdiction over this declaratory-judgment action attacking the constitutionality of a municipal ordinance.  It is the proper forum to proceed to judgment.

### Service of Notice on the Attorney General

**{¶ 24}** At issue here is R.C. 2721.12(A), which provides:

> In any action or proceeding that involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and, *if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint* in the action or proceeding and shall be heard.

(Emphasis added.)

{¶ 25} Construing this statute in *Cicco*, this court held that "[a] party who is challenging the constitutionality of a statute must assert the claim in the complaint (or other initial pleading) or an amendment thereto, and must serve the pleading upon the Attorney General in accordance with methods set forth in Civ.R. 4.1 in order to vest a trial court with jurisdiction under former R.C. 2721.12." 89 Ohio St.3d 95, 728 N.E.2d 1066, at syllabus. This court further stated that "[a] court lacks jurisdiction to render declaratory relief if the requirements in R.C. 2721.12 are not met." *Id*. at 100.

{¶ 26} Since then, this court has said that "failure to serve the attorney general when filing a declaratory-judgment action under R.C. 2721.12 'is a jurisdictional defect.' " *Spencer v. Freight Handlers, Inc.*, 131 Ohio St.3d 316, 2012-Ohio-880, 964 N.E.2d 1030, ¶ 19, quoting *Asbury Apts. v. Dayton Bd. of Zoning Appeals*, 77 Ohio St.3d 1229, 673 N.E.2d 1379 (1997). And more recently in *Toledo v. State*, we indicated that "[c]ompliance with R.C. 2721.12(A) is required to invoke the trial court's jurisdiction over a constitutional challenge." 154 Ohio St.3d 41, 2018-Ohio-2358, 110 N.E.3d 1257, ¶ 18.

{¶ 27} In none of these cases did we say that the failure to comply with R.C. 2721.12(A) deprives the trial court of *subject-matter* jurisdiction. Nothing in the statutory text expressly states that service on the attorney general is a prerequisite to conferring subject-matter jurisdiction, speaks in jurisdictional terms, or addresses the power of the court to issue a binding judgment. Rather, as we explained in *Kuchta*, "an inquiry into *a party's* ability to *invoke* a court's jurisdiction speaks to jurisdiction over a particular case, not subject-matter jurisdiction." (First emphasis added, second emphasis sic.) 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, at ¶ 22. Whether a party has served the attorney general does not change the fact that the common pleas court is the proper forum

for an action seeking a declaration that an ordinance is unconstitutional, because it relates only to "the rights of the individual parties involved in a particular case," *id.* at ¶ 19.

{¶ 28} Therefore, a party's failure to comply with R.C. 2721.12(A) and timely serve notice on the attorney general of a constitutional challenge to a statute or ordinance does not deprive the court of subject-matter jurisdiction over a declaratory-judgment action. Rather, the court may not properly exercise that jurisdiction and render declaratory relief if the requirements in R.C. 2721.12 are not met.

**Harmless Error**

{¶ 29} Although it does not affect the court's subject-matter jurisdiction, service on the attorney general is a statutory mandate, and proceeding on a declaratory-judgment action in violation of R.C. 2721.12(A) is error. *See generally Cicco*, 89 Ohio St.3d at 100, 728 N.E.2d 1066. In this case, Fourth National Realty did not serve its constitutional claim on the attorney general at the inception of its case. And throughout this litigation—through pleadings, discovery, summary-judgment proceedings, and an initial direct appeal—no one raised an issue with the failure to serve the attorney general until Cincinnati asserted it in January 2018 as support for its second motion for summary judgment. Fourth National then served notice on the attorney general, who elected not to participate in the litigation.

{¶ 30} It is manifest that no one—Fourth National, the city, or the state—has been prejudiced by the delay in serving notice on the attorney general. Civ.R. 61 provides that "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." The failure to timely serve the attorney general is an error, but it had no impact on the outcome of the proceeding and was therefore harmless error.

**Conclusion**

{¶ 31} As the Supreme Court of the United States has explained, "Clarity would be facilitated if courts and litigants used the label 'jurisdictional' not for claim-processing rules [i.e., those guiding the court's exercise of jurisdiction], but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004).

{¶ 32} Because R.C. 2721.12(A) does not limit the subject-matter jurisdiction of the trial court and because the failure to serve timely notice on the attorney general in this case was harmless error, I concur in judgment only and agree that the judgment of the court of appeals should be affirmed.

———————————

**PIPER, J., concurring in judgment only.**

{¶ 33} Our various opinions in this case establish that the Ohio General Assembly needs to clearly set forth the law on *when* the Ohio Attorney General must be served in a declaratory-judgment action that challenges the constitutionality of an ordinance.

{¶ 34} I agree with all the other opinions to the extent that they expressly or implicitly indicate that neither R.C. 2721.12(A) nor *Cicco v. Stockmaster*, 89 Ohio St. 3d 95, 99, 728 N.E.2d 1066 (2000), establishes an *exact* timeframe for when service of the complaint must be perfected upon the attorney general. However, I disagree with the majority's willingness to effectively state that it is *never too late* to raise the constitutional argument and serve the attorney general. Just as the concurring opinion and the dissent suggest, the rule created by the majority today can lead to protracted litigation, judicial inefficiency, and strategic tactics seeking several bites at the apple.

**{¶ 35}** The dissent rightly points out that caselaw construing R.C. 2721.12 recognizes a temporal prerequisite for a trial court to have authority to consider matters related to a constitutional challenge of a city ordinance. The language of the statute is mandatory; the attorney general *shall* be served the complaint and shall be heard.[1]

**{¶ 36}** According to the *Cicco* court, proper timing of the notice is "the beginning of the action or the initial pleading stage in which the constitutional challenge is raised." *Id.* at 99. The court supported its conclusion by reasoning that service "at the inception of the action, or when a constitutional challenge is initially pleaded" would allow the attorney general "a reasonable amount of time in which to evaluate the issues and determine whether to participate in the case." *Id.* The dissent's point in the present case is well-taken; a temporal requirement already exists. The difficulty is that the requirement remains undefined.

**{¶ 37}** The other aspect lending credibility to the temporal requirement inherent in R.C. 2721.12(A) is the General Assembly's use of the word "also" when requiring that the attorney general "also" be served a copy of the complaint along with the municipal corporation being made a party. Requiring service "also" upon the attorney general, meaning "in addition to," creates a temporal element within the legislative framework that requires service upon the attorney general in proximity to the municipal corporation being made a party. The language used in the statute and analyzed by this court in *Cicco* does not support an unending window of time for service upon the attorney general.

---

1. The *Cicco* court addressed the former version of R.C. 2721.12, before it was amended in 1999. The former version required that the attorney general be served "a copy of *the proceeding* and shall be heard." (Emphasis added.) Sub.H.B. No. 77, 144 Ohio Laws, Part II, 2902, 2930. The General Assembly amended the statute to now require service of the *complaint*. The *Cicco* court noted that requiring service of the complaint is more specific than requiring notice of the proceeding and that the amendment reinforces that service should occur at the inception of the case when a complaint, *the* initial pleading, is traditionally filed.

{¶ 38} As the concurring opinion correctly points out, not acknowledging a temporal element of the statute opens Pandora's box and creates multiple issues that impact a litigation's progression, adjudication, and termination. The General Assembly should provide for the administration of law timely and with certainty. An unlimited window of time in which to raise a constitutional issue and serve the attorney general is not expressed within R.C. 2721.12(A) and is problematic.

{¶ 39} The General Assembly has provided no guidance within the statute to assist trial courts and practitioners in understanding the parameters of the temporal requirement. Thus, the General Assembly should act to clearly define applicable timeframes or otherwise clearly announce the legislation's intent so that we are not left to wallow in the consequences of the ambiguity that has been created. The dissent's point is also well-taken in that if *Cicco*'s holding was inconsistent with legislative intent, the General Assembly could have amended the statute within the last 20 years. I fear, however, that it may have been a quagmire into which the legislature dared not step.[2]

{¶ 40} I agree with the majority that a trial court does not lose subject-matter jurisdiction when a party fails to initially serve the attorney general and that precedent exists indicating that such a defect may be subsequently cured. However, I do not agree that the window of time within which the failure can be rectified is ad infinitum. Thus, I respectfully concur in judgment in only.

———————————

**DONNELLY, J., concurring.**

{¶ 41} I concur. I write separately to stress that R.C. 2721.12(A)'s lack of a temporal requirement can lead to problematic circumstances—as in this case, in

———————————

2. As an illustration of the possibilities, the statute that governs petitions for postconviction relief sets forth a one-year time limit in which a petition must be filed. R.C. 2953.21. Otherwise, an untimely petition may be considered only if the petitioner is able to prove that one of two sets of qualifications applies that excuses its untimeliness. *See* R.C. 2953.23.

which the Ohio Attorney General was not served until more than two years after the constitutional challenge was initiated.

{¶ 42} In *Cicco v. Stockmaster*, 89 Ohio St.3d 95, 99, 728 N.E.2d 1066 (2000), this court, in construing R.C. 2721.12, concluded that the General Assembly had required that "the Attorney General be served at the inception of the action, or when a constitutional challenge is initially pleaded * * *." This conclusion is logical but is not compelled by the statute. We reasoned that the requirement is necessary to give the attorney general "time to prepare a response to the complaint, make an appearance, and be involved throughout the rest of the case." *Id.*

{¶ 43} Common sense suggests that a party asserting a constitutional claim pursuant to R.C. 2721.12(A) should take the steps required by the statute to assert that claim—including serving the attorney general—early in the legal process. To that end, the General Assembly should amend R.C. 2721.12(A) to provide a temporal requirement to clarify this issue for the bench and bar—whether that requirement is at the inception of the constitutional challenge, within a reasonable time afterward, or some other standard.

——————————————

**KLATT, J., dissenting.**

{¶ 44} Because I would follow the rationale expressed in *Cicco v. Stockmaster*, 89 Ohio St. 3d 95, 99, 728 N.E.2d 1066 (2000), I respectfully dissent. In *Cicco*, this court, in construing R.C. 2721.12, concluded that the General Assembly had required that "the Attorney General be served at the inception of the action, or when a constitutional challenge is initially pleaded * * *." *Id.* That conclusion makes sense because it allows the attorney general "time to prepare a response to the complaint, make an appearance, and be involved throughout the rest of the case." *Id.* Moreover, requiring service on the attorney general at the inception of the action or when a constitutional challenge is initially pleaded is a

clear rule that is fair to the parties and consistent with judicial economy. As the facts in this case illustrate, had the attorney general decided to be heard in this case on the constitutional issue, more than two years of discovery and motion practice would have already taken place. If this court's interpretation of R.C. 2721.12 in *Cicco*, now almost 20 years old, was inconsistent with legislative intent, the General Assembly would have amended the statute. For these reasons, I respectfully dissent.

_____

Paula Boggs Muething, Cincinnati City Solicitor, Marion E. Haynes III, Chief Counsel, and Mark R. Manning, Assistant City Solicitor, for appellant.

Holzapfel Law, L.L.C., and Eric C. Holzapfel, for appellee.

Dave Yost, Attorney General, Benjamin M. Flowers, Solicitor General, and Stephen P. Carney, Deputy Solicitor General, in support of neither side for amicus curiae, Ohio Attorney General Dave Yost.

_____