[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Schlegel v. Sweeney*, Slip Opinion No. 2022-Ohio-3841.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3841

SCHLEGEL *v*. SWEENEY, JUDGE, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Schlegel v. Sweeney*, Slip Opinion No. 2022-Ohio-3841.]**

*Prohibition—Relator has an adequate remedy at law by way of an appeal following final judgment in common pleas court, and statute enacted after filing of appropriation action does not patently and unambiguously divest common pleas court of subject-matter jurisdiction—Writ denied.*

(No. 2022-0025—Submitted August 2, 2022—Decided November 1, 2022.)

IN PROHIBITION.

————————————

**DEWINE, J.**

**{¶ 1}** We are asked to issue a writ of prohibition to stop an ongoing appropriation case. A lawsuit is pending in the Mahoning County Court of Common Pleas in which the Mill Creek Metropolitan Park District seeks to take Edward Schlegel's property so it can build a bike trail. During the pendency of the

case, the General Assembly passed a law that said that a park district in Mahoning County may not use its eminent-domain power to build a recreational trail.

{¶ 2} Based on this new law, Schlegel filed suit in this court asking us to issue a writ of prohibition halting the Mahoning County appropriation proceeding. The new law, Schlegel argues, divests the Mahoning County court of jurisdiction. We are not convinced that the new law is a jurisdictional bar, so we deny Schlegel's request for a writ of prohibition.

## I. An appropriation action and a new law

{¶ 3} In 2019, the Mill Creek Metropolitan Park District filed an appropriation action seeking to use its eminent-domain power to take Schlegel's property in order to extend an existing bike trail. While that case was pending, the General Assembly enacted a law (the "anti-appropriation provision") that said, "No park district created under Chapter 1545. of the Revised Code and located in a county with not less than 220,000 and not more than 240,000 residents * * * shall appropriate property * * * for the purpose of providing a recreational trail." Am.Sub.H.B. No. 110, Section 715.05(B).

{¶ 4} Schlegel asked the court of common pleas to dismiss the appropriation case, pointing out that the park district was in Mahoning County and that the county fell within the designated population range. Concluding that the statute was not retroactive, the court denied Schlegel's motion to dismiss.

{¶ 5} Schlegel then filed the instant lawsuit in this court seeking a writ of prohibition. Judge Maureen Sweeney, who is presiding over the appropriation action, argues that the writ should be denied because Schlegel has an adequate remedy by way of appeal and her court has general subject-matter jurisdiction. We previously granted an alternative writ in this matter to receive evidence and briefing. 166 Ohio St.3d 1482, 2022-Ohio-1284, 186 N.E.3d 813.

2

## II. Schlegel is not entitled to a writ of prohibition

{¶ 6} To be entitled to a writ of prohibition, Schlegel must establish that the trial court has exercised judicial power, that the court exceeded its authority, and that he lacks an adequate remedy for his injury in the ordinary course of law. *State ex rel. Drouhard v. Morrow Cty. Bd. of Commrs.*, 161 Ohio St.3d 357, 2020-Ohio-4160, 163 N.E.3d 518, ¶ 17. In the vast majority of cases, "a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5. We dispense with the adequate-remedy requirement only in the limited circumstance when the inferior court patently and unambiguously lacks subject-matter jurisdiction over a cause of action. *State ex rel. Ohio Edison Co. v. Parrott*, 73 Ohio St.3d 705, 707, 654 N.E.2d 106 (1995).

{¶ 7} Schlegel's claim fails because he cannot meet the third prong: he has an adequate remedy at law by way of an appeal following final judgment in the common pleas court. And he is unable to satisfy the narrow exception to the adequate-remedy requirement because he cannot demonstrate a patent and unambiguous lack of jurisdiction in the common pleas court.

### A. Schlegel has an adequate remedy by way of appeal

{¶ 8} The trial court held that the anti-appropriation provision does not apply to Schlegel's case. Schlegel can challenge that determination by filing an appeal from a final judgment of the common pleas court. The availability of an "appeal is considered an adequate remedy that will preclude a writ of prohibition." *State ex rel. Huntington Natl. Bank v. Kontos*, 145 Ohio St.3d 102, 2015-Ohio-5190, 47 N.E.3d 133, ¶ 17.

{¶ 9} Schlegel contends that he has no ability to appeal the trial court's denial of the motion to dismiss because of the bifurcated nature of appropriation proceedings. In an appropriation case, the court first decides whether the agency

may appropriate property, and second, if necessary, a jury determines the amount of compensation due. R.C. 163.09(B)(2). At the first step, the property owner in his answer may demand a prompt hearing to challenge the agency's "right to make the appropriation." R.C. 163.09(B)(1). And the owner may immediately appeal an adverse order issued after that hearing. R.C. 163.09(B)(3). Schlegel contends that because the anti-appropriation provision was not in effect when he filed his answer, he was unable to raise his anti-appropriation-provision argument in a hearing on the agency's right to make the appropriation and, thus, has lost his right to appeal the trial court's decision that the statute is not retroactive. But that's not correct.

{¶ 10} In addition to the right to an immediate appeal following a hearing on the agency's right to make the appropriation, a property owner in an appropriation case may appeal from the final judgment following a compensation trial "as in other civil actions from the judgment of the court." R.C. 163.19. Thus, once the compensation trial is complete, Schlegel may appeal from "the *final* judgment adjudicating both the validity of the taking and the compensation due." (Emphasis in original.) *State ex rel. Bohlen v. Halliday*, 164 Ohio St.3d 121, 2021-Ohio-194, 172 N.E.3d 114, ¶ 22; *see also* R.C. 2505.02 (providing for an appeal from a final order). Because Schlegel has an adequate remedy by way of appeal, he may not obtain a writ of prohibition unless he can show that the trial court patently and unambiguously lacks subject-matter jurisdiction.

## B. The trial court does not patently and unambiguously lack subject-matter jurisdiction

{¶ 11} Schlegel next argues that he is entitled to relief because it is patent and unambiguous that the trial court lacks subject-matter jurisdiction. He asserts that the court "cannot possibly have jurisdiction over illegal takings."

{¶ 12} We have explained that "[w]hen a court has the constitutional or statutory power to adjudicate a particular class or type of case, that court has subject-matter jurisdiction." *Ostanek v. Ostanek*, 166 Ohio St.3d 1, 2021-Ohio-

4

2319, 181 N.E.3d 1162, ¶ 36, citing *Corder v. Ohio Edison Co.*, 162 Ohio St.3d 639, 2020-Ohio-5220, 166 N.E.3d 1180, ¶ 14. Common pleas courts "have such original jurisdiction over all justiciable matters * * * as may be provided by law." Ohio Constitution, Article IV, Section 4(B). And the Eminent Domain Act provides jurisdiction in appropriation cases to the court of common pleas in the "county in which the property sought to be appropriated is located." R.C. 163.01(D) and 163.05.

{¶ 13} Schlegel does not dispute that the Mahoning County Court of Common Pleas had subject-matter jurisdiction when the suit was filed, but he contends that the anti-appropriation provision divested the court of jurisdiction when it took effect. We disagree. Schlegel's position conflates the court's "subject-matter jurisdiction to hear the case" with its "legal authority to grant the relief sought," *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 14.

{¶ 14} When a court of common pleas patently and unambiguously lacks jurisdiction to hear a case, "it is almost always because a statute explicitly removed that jurisdiction." *Id.* at ¶ 9. The statute at issue here provides that "[n]o park district" in a county with a qualifying population "shall appropriate property * * * for the purpose of providing a recreational trail." Am.Sub.H.B. No. 110, Section 715.05(B). By its terms, that language limits the appropriation authority of certain park districts, not the jurisdiction of a court. In contrast, "[j]urisdictional statutes 'speak to the power of the court rather than to the rights or obligations of the parties.' " *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), quoting *Republic Natl. Bank of Miami v. United States*, 506 U.S. 80, 100, 113 S.Ct. 554, 121 L.Ed.2d 474 (1992) (Thomas, J., concurring).

{¶ 15} We expect the General Assembly to speak in clear terms when limiting jurisdiction. If the legislature "does not rank a statutory limitation on coverage as jurisdictional," then "courts should treat the restriction as

nonjurisdictional in character." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-516, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). The anti-appropriation provision does not contain any explicit language of jurisdictional consequence. *See Cincinnati v. Fourth Natl. Realty, L.L.C.*, 163 Ohio St.3d 409, 2020-Ohio-6802, 170 N.E.3d 832, ¶ 10. Thus, even if we assume that the anti-appropriation provision applies, the law does not alter the trial court's subject-matter jurisdiction.

**{¶ 16}** Because the anti-appropriation provision does not patently and unambiguously eliminate the Mahoning County Common Pleas Court's subject-matter jurisdiction, the court "can determine its own jurisdiction, and [Schlegel] has an adequate remedy by appeal," *Plant*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, at ¶ 5.

### III. Conclusion

**{¶ 17}** Because he has an adequate remedy by way of an appeal and the trial court does not patently lack jurisdiction, Schlegel is not entitled to a writ of prohibition.

Writ denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DONNELLY, STEWART, and BRUNNER, JJ., concur.

———————————

Johnson & Johnson Law Firm and Molly K. Johnson, for relator.

Comstock, Springer & Wilson Co., L.P.A., and Marshall D. Buck, for respondents Mahoning County Common Pleas Court Judge Maureen Sweeney, Mahoning County Auditor Ralph T. Meacham, and Mahoning County Treasurer Daniel R. Yemma.

Roth, Blair, Roberts, Strasfeld & Lodge, L.P.A., James E. Roberts, and Elizabeth H. Farbman, for respondent Board of Commissioners of the Mill Creek Metropolitan Park District.

———————————